[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2009
THOMAS K. KAHN
CLERK

No. 08-10843
Non-Argument Calendar
_____

D. C. Docket No. 02-00029-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND REED, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 6, 2009)

Before BIRCH, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Raymond Reed, Jr. ("Reed") appeals the district court's denial of his motion

to suppress evidence which supported his conviction for conspiracy to distribute and possess with intent to distribute more than 100 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii) and 846. Reed absconded for nearly four years after pleading guilty but was apprehended prior to sentencing. On appeal, Reed argues that there were no exigent circumstances justifying the warrantless search of his residence.[1] Upon review of the entire record and briefs, we AFFIRM.

## I. BACKGROUND

The district court made the following factual findings, uncontested by Reed on appeal, in its order denying the motion to suppress. See R1-38 at 1-4. On 23 July 2002, helicopter surveillance identified marijuana growing near a mobile home in Levy County, Florida. A law enforcement officer knocked on the front door and announced "Sheriff's Office" but received no response. Id. at 3. Another officer, DEA Agent Andrews, smelled marijuana emanating from a window air conditioner. Agent Andrews knocked on the back door and identified himself. Again, no response. Agent Andrews then heard someone running about inside the mobile home. Fearing for their safety, officers entered through the unlocked back

---

[1]Reed also attempts to adopt the brief of his co-defendant, Sheila Gillins, that was filed in a separate appellate case. This adoption fails, however, because "Federal Rule of Appellate Procedure 28(i) does not permit such adoption by reference between (non-consolidated) cases, and the defendants have not separately moved to adopt the briefs." United States v. Bichsel, 156 F.3d 1148, 1150 n.1 (11th Cir. 1998) (per curiam).

door shouting "Police!"  Id. at 4.  During a protective sweep, agents discovered

Sheila Gillins ("Gillins") hiding in the bedroom closet.  The officers did not search

for evidence during this safety sweep.  After being advised of her Fifth

Amendment rights, Gillins informed the officers that the marijuana grow operation

belonged to her boyfriend (Reed).  Gillins then gave written consent to search her

home.[2]  This search yielded 255 marijuana plants, scales, growing lights, a drying

room, and processed marijuana.

Based on its factual findings, the district court concluded that the warrantless

entry into the mobile home was lawful.  Id. at 5.  First, the court found the officers

had probable cause to approach the mobile home to announce they were on the

property.  Id.  Second, the court found that exigent circumstances permitted entry

into the home because "Agent Andrews heard someone moving inside the trailer

and became concerned for his personal safety, the safety of the other agents, and

the potential destruction of any evidence inside of the residence."  Id.  The court

concluded this belief was objectively reasonable and thus justified the warrantless

entry.  Id. at 5-6.  Finally, the court concluded that Gillins' voluntary consent to the

search validated the subsequent search of the home and an automobile on the

property.  Id. at 6.  The district court therefore denied Reed's motion to suppress.

---

[2]Property records indicated that both Gillins and Reed owned the home.  R3 at 39.

3

Id.

Reed now appeals that decision. He argues that there were no exigent circumstances because there were no specific facts showing that the person inside the mobile home was dangerous or was destroying evidence.

## II. DISCUSSION

A ruling on a motion to suppress evidence entails questions of law and fact. See United States v. Steed, 548 F.3d 961, 966 (11th Cir. 2008) (per curiam). We accept the district court's factual findings unless they are clearly erroneous, construing all facts in favor of the government as the prevailing party. See id. We review the district court's application of the law to the facts de novo. See id.

It is axiomatic that a warrantless search and seizure inside a residence is presumptively unreasonable. See United States v. McGough, 412 F.3d 1232, 1237 (11th Cir. 2005). Nevertheless, a warrantless search is permissible if there is probable cause and exigent circumstances. See United States v. Tobin, 923 F.2d 1506, 1510 (11th Cir. 1991) (en banc). Probable cause typically exists "where the circumstances would lead a reasonable person to believe a search will disclose evidence of a crime." United States v. Holloway, 290 F.3d 1331, 1337 (11th Cir. 2002). In an emergency, the need to protect others from danger may satisfy the probable cause requirement. See id. at 1338. Exigent circumstances include the

4

risk of loss or destruction of evidence as well as potential harm to police officers. See id. at 1334.

The evidence here establishes that probable cause and exigent circumstances justified the warrantless entry into the mobile home. There is no dispute that the officers had probable cause to enter the residence after they spied the nearby marijuana field and smelled marijuana emanating from the rear window. These facts would lead a reasonable officer to believe that a search of the home would reveal evidence of a crime. See Tobin, 923 F.2d at 1512 (concluding that odor of marijuana elevated agent's suspicions to the level of probable cause).

The facts supporting probable cause, in conjunction with the sound of somebody running around inside the home, also created an exigent situation. The police had knocked on the door several times and announced their presence. Given the uncertainty of the situation and the fact that the individual inside refused to open the door, the officers reasonably feared for their safety. Additionally, the agents reasonably believed that the individual might destroy the drugs if they retreated to obtain a warrant. Contrary to Reed's contention, it was not necessary for the officers to hear the toilet flush or other noises suggesting that evidence was being destroyed. We have recognized that because narcotics can be so easily destroyed, the need for quick action without a warrant is "particularly compelling."

Id. at 1510 (quotation marks and citation omitted). The officers were not required to wait to hear evidence of disposal because the purpose of the exigent circumstances exception is to prevent the loss of evidence. The presence of these two exigent factors thus justified the warrantless entry into the mobile home. See Holloway, 290 F.3d at 1334.

We further conclude that the officers lawfully searched and seized evidence related to the marijuana operation pursuant to Gillins' voluntary consent. It is well established that officers may conduct a warrantless search pursuant to a valid consent. See Johnston v. Tampa Sports Auth., 530 F.3d 1320, 1326 (11th Cir. 2008) (per curiam). Reed does not challenge the district court's factual finding that officers only searched the residence for evidence after they obtained Gillins' written consent. See R1-38 at 4. Nor does Reed challenge the voluntariness of Gillins' consent. Accordingly, the subsequent search of the mobile home and seizure of evidence was lawful. See Johnston, 530 F.3d at 1326.

## III. CONCLUSION

The district court correctly denied Reed's motion to suppress because probable cause and exigent circumstances justified the officers' warrantless entry into the mobile home. Gillins then authorized the search of the residence, thus validating the search and seizure of the marijuana plants and other paraphernalia.

6

Accordingly, we AFFIRM the district court's judgment denying the motion to suppress and AFFIRM Reed's conviction.

**AFFIRMED.**